No. 19,937.

DONALD E. BENNETT, ET AL., *v.* CARL J. LANSAW, ET AL.

(381 P. [2d] 40)

Decided April 29, 1963.

Messrs. SHELDON and NORDMARK, Mr. RICHARD H. GLASMAN, for plaintiffs in error.

Messrs. GORSUCH, KIRGIS, CAMPBELL, WALKER and GROVER, Mr. DWIGHT D. MURPHY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties by name or as they appeared in the trial court where the Lansaws were plaintiffs and the Bennetts were defendants.

The action was brought to recover damages incurred in an automobile collision on a six lane divided east and west state highway traversing Littleton, known as Littleton Boulevard. Plaintiff Ann Lansaw was the owner of the car driven by Carl. The car which Donald Bennett was driving was owned by Theodore.

Trial was to the court and resulted in findings for the plaintiffs and against the defendants. The judgment against the defendants for Ann Lansaw was in the amount of $325.00 and costs for damage to her automobile. The judgment for Carl Lansaw was in the amount of $2,500.00 and costs for injuries incurred in the collision. Both parties have assigned error.

The defendants contend that the court erred in finding Donald Bennett negligent and would have us hold that the evidence in the record does not support the finding. They argue that defendant Donald was free from negligence as a matter of law. It is urged as a second point that plaintiff Carl Lansaw was guilty of contributory negligence as a matter of law. Another point of error which we consider without merit is the failure of the trial court to make a finding as to whether the ordinances of Littleton or the state statutes apply. On this latter point the court deemed a ruling in that area immaterial, and stated in his findings, inter alia: "The court rules that it is not necessary for the purposes of this case to decide whether or not the Littleton ordinances are applicable. Assuming that they were, the Court finds that the plaintiff is not guilty of violation of those ordinances. Assuming that they are not, the Court further would find that the plaintiff was not guilty of violation of the State Statutes herein." On the applicable law which would be involved in this collision, the ordinances and the state statutes are almost verbatim in wording.

Defendant Donald Bennett assigns cross error to the finding of the court that his damages be limited to injuries to the shoulder incurred in the accident and to the refusal of the trial court to find that pain and disability in the lumbosacral area of the back was also attributable to the accident.

We will take up first a discussion of the assignments of error as urged by the defendants.

The collision occurred at a point where South Galapago Street crosses Littleton Boulevard. Carl Lansaw was driving in a northerly direction. Donald Bennett was driving east. Littleton Boulevard was described as a six-lane highway at the point of collision, rather than a four-lane highway, for the reason that in addition to two "through" lanes for east bound traffic and two "through" lanes for west bound traffic there was an additional inside lane on both sides of the highway designated as a left turn lane. Lansaw's version of the accident was that he came to a complete stop when he approached the highway, looked both ways, observed the Bennett car a considerable distance to his left, and observed another car an almost equal distance coming from the east, the latter car, it developed, being driven by a witness Morris. Lansaw crossed the east bound lanes of the highway, successfully clearing the two through lanes, and came to a complete stop at an island. While he was so standing, the defendant hit his car on the left rear fender and spun it around approximately 90°.

Investigation by the police officers, as well as the testimony of Lansaw and Morris, established the point of impact to be 4 ft. inside of the left turn lane. Lansaw had traversed the entire south portion of the highway for a distance of 44 ft. at a speed of about 5 miles per hour. Bennett had the parking lane and two through lanes clear in which to pass to the rear of the Lansaw car. Lansaw testified that he did not hear any "squealing" of brakes or skidding rubber, and investigation of

the pavement revealed that Bennett did not lay down any skid marks. It was estimated that he was traveling about 35 miles an hour. His only explanation for hitting the standing Lansaw car was that he didn't see it until he was three car lengths from the impact. Why he then turned into the lane which was for left turning only, isn't explained satisfactorily in the record. On this state of facts, while admitting that he didn't see the Lansaw car, Bennett contends that he was on a through highway, had the right-of-way, that the Lansaw car took the right-of-way from him by entering into the through street when the Bennett car was close enough to constitute a hazard, all in violation of the law; that therefore Lansaw was guilty of contributory negligence as a matter of law, upon the theory that violation of the statute or ordinance is negligence per se.

The witness Morris corroborated Lansaw's version of the accident; said he was in position to and did observe the Lansaw car as he (Morris) approached west bound; that "he [plaintiff] was looking at me, waiting for me to go by." He said that to the best of his knowledge plaintiff's car was standing still at the impact. On this state of the record there was ample evidence to sustain the finding of the court that Bennett was driving in a negligent manner, and that his negligence was the sole proximate cause of the accident. Morris' testimony as to the happening of the accident also supports the finding that the plaintiff did not do anything that could be considered an act of negligence viewed in the light of the ordinances, statutes or the "reasonable man" theory. The issues involved were solely for the trier of the facts, and being such, the judgment of the trial court will not be disturbed on review.

The plaintiff Lansaw, while recognizing the rule that this court as a court of review is bound by the findings of fact of the trier of the facts when supported by the record, would have us ignore that rule as applied to the damages awarded him. The record reveals that

there was no dispute that Lansaw sustained a painful injury to his shoulder in the accident. The court recognized this and awarded him damages including pain and suffering in the amount of $2,500.00. While it is true that the record is undisputed that Lansaw had back pain, the medical evidence is very much in dispute as to whether there was any relationship between it and the accident. Two doctors testifying for the plaintiff were at best equivocal in their opinions as to the lumbo sacral condition from which plaintiff was suffering. The most that can be said of their testimony is that the injury was "consistent with having been in an automobile accident." They said that the symptoms were chiefly subjective rather than objective. Plaintiff's medical witnesses did not testify that the accident caused the back injury. They merely said that it could have done so.

The medical expert testifying for the defendant stated in a more positive manner that plaintiff's lumbosacral condition was a narrowing of a disk on the lumbar spine; he stated that the condition was not unusual for an active person, and that the back condition is largely a "wear and tear thing" and a condition "that comes on with the years." He testified that such condition is not associated with injury but with the normal aging process. One of the medical experts said that he could not associate the condition to the accident because the pain did not appear until approximately a week after the accident. On this disputed testimony the court found "That the plaintiff Carl J. Lansaw has failed to prove by a preponderance of the evidence that the accident was the proximate cause of the back ailment."

By the same rule under which we must sustain the findings as to the defendant's negligence, we uphold the findings as to the injuries.

The judgment is affirmed.

Mr. Chief Justice Frantz and Mr. Justice Hall concur.